IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON GARCIA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:16-cv-00989 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| BCD TRAVEL USA LLC, | : | |
| | : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW comes Defendant, BCD Travel USA LLC ("BCD") and files the following Answer and New Matter to Plaintiff's Complaint.

1. BCD admits in part and denies in part the averments in paragraph 1. BCD admits that Plaintiff is a former employee of BCD whose employment was terminated and that she seeks an award of damages, attorneys' fees and other relief in this action. BCD denies the remaining averments in paragraph 1.

2. BCD admits in part and denies in part the averments in paragraph 2. BCD admits that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Pennsylvania Human Relations Act. BCD denies that it violated any of these statutes.

3. BCD admits the averments in paragraph 3.

4. BCD admits in part and denies in part the averments in paragraph 4. BCD admits that venue is proper. BCD denies the remaining averments in paragraph 4.

5. BCD admits in part and denies in part the averments in paragraph 5. BCD admits that the EEOC issued a Notice of Right to Sue dated March 3, 2016. BCD is without knowledge or information sufficient to form a belief as to when Plaintiff received this notice, thus strict proof is demanded. To the extent a response is deemed necessary, BCD denies this averment and the remaining averments in paragraph 5.

6. The averments in paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

7. BCD admits in part and denies in part the averments in paragraph 7. BCD admits that Plaintiff is a 48-year old female. BCD is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 7, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

8. BCD admits the averments in paragraph 8.

9. BCD is without knowledge or information sufficient to form a belief as to what Plaintiff is referring to as "at all times relevant hereto," thus strict proof

thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

10. The averments in paragraph 10 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

11. BCD admits in part and denies in part the averments in paragraph 11. BCD admits that Plaintiff was employed by BCD until October 22, 2014. BCD denies the remaining averments in paragraph 11.

12. BCD admits in part and denies in part the averments in paragraph 12. BCD admits that the last position Plaintiff held was Vice President and Principal at Advito. BCD denies the remaining averments in paragraph 12.

13. BCD is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13, thus strict proof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

14. BCD admits in part and denies in part the averments in paragraph 14. BCD admits that Plaintiff began her employment with BCD's predecessor as Director of Hotel Relations in 1997. BCD admits that in 2001 Plaintiff left BCD to take a position with Prime Hospitality Corporation and that she returned to BCD as Vice President of Business Development in 2004. BCD admits that she was promoted to Vice President of Global Sales in 2005. BCD admits that she

exceeded her sales targets and received the President's Club Award in that role in 2006, 2007, 2008 and 2010. BCD denies the remaining averments in paragraph 14.

15. BCD admits the averments in paragraph 15.

16. BCD admits in part and denies in part the averments in paragraph 16. BCD admits that when Plaintiff joined Advito, she joined four male Vice Presidents and Principals, including Mark Williams, Bob Brindley, George Odom, and Jeroen Hurkmans. BCD admits that initially Plaintiff was given approximately 35 accounts as she ramped up in her new role. BCD denies that Plaintiff was similarly situated to these four incumbents. BCD admits that as incumbents, these four individuals had responsibility for more accounts than she did initially. By way of further answer, Plaintiff was assigned a majority of Advito's top 100 accounts. BCD denies the remaining averments in paragraph 16.

17. BCD admits in part and denies in part the averments in paragraph 17. BCD admits that in or about June 2013 Plaintiff spoke with April Bridgeman about the fact that she had fewer accounts than the other Advito Vice Presidents and Principals. BCD admits that Ms. Bridgeman told Plaintiff that Plaintiff had fewer accounts because she was just ramping up and that this would change. BCD denies the remaining averments in paragraph 17.

18. BCD denies the averments in paragraph 18.

19. BCD denies the averments in paragraph 19.

20. BCD admits the averments in paragraph 20.

21. BCD admits in part and denies in part the averments in paragraph 21. BCD admits that Mr. Williams' employment was terminated and that it transferred many of Mr. Williams' accounts to Plaintiff. BCD denies the remaining averments in paragraph 21.

22. BCD admits in part and denies in part the averments in paragraph 22. BCD admits that Plaintiff was not able to meet her sales target for 2013. BCD denies the remaining averments in paragraph 22.

23. BCD admits in part and denies in part the averments in paragraph 23. BCD admits that in or about May 2014 Vanessa Williams, Human Resources Representative, mistakenly sent an email to the leadership team which included salary ranges by position. BCD admits that Mr. Brindley had a higher salary than Plaintiff. BCD denies that Messrs. Odom and Batrouni had higher salaries than Plaintiff. BCD is without knowledge or information sufficient to form a belief as the remaining averments in paragraph 23, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

24. BCD denies the averments in paragraph 24.

25. BCD admits in part and denies in part the averments in paragraph 25. BCD admits that Plaintiff complained to Ms. Bridgeman that she did not believe

that she was being paid as much as Messrs. Brindley and Odom. BCD admits that Ms. Bridgeman agreed to speak with Gary Reeves regarding Plaintiff's complaint that she should be paid more. BCD denies the remaining averments in paragraph 5.

26. BCD admits the averments in paragraph 26.

27. BCD admits in part and denies in part the averments in paragraph 27. BCD admits that Ms. Bridgeman said that she would speak with Executive Vice President Louise Miller, and Executive Vice President Kathy Jackson to recommend that Plaintiff receive a bonus for her non-sales related activities. BCD denies the remaining averments in paragraph 27.

28. BCD denies the averments in paragraph 28.

29. BCD denies the averments in paragraph 29.

30. BCD admits that in or about early October 2014, Plaintiff asked Ms. Bridgeman to schedule a call on which Plaintiff, Ms. Bridgeman, and Mr. Reeves could discuss her compensation. BCD denies the remaining averments in paragraph 30.

31. BCD denies the averments in paragraph 31.

32. BCD admits in part and denies in part the averments in paragraph 32. BCD admits Ms. Bridgeman and Human Resources Representative Todd Stills called Plaintiff on or about October 22, 2014 and told her that her employment was

being terminated because of a reduction in head count. BCD denies the remaining averments in paragraph 32.

33. BCD denies the averments in paragraph 33.

34. BCD admits in part and denies in part the averments in paragraph 34. BCD admits that Mr. Odom's contract with BCD would end in January 2015. BCD admits that when Plaintiff was terminated, Mr. Odom remained employed. BCD denies the remaining averments in paragraph 34.

35. BCD is without knowledge or information sufficient to form a belief as to what Plaintiff' believes, thus strict proof thereof is demanded. To the extent a response is deemed necessary, BCD denies the averments.

36. BCD hereby incorporates by reference its answer to paragraphs 1 – 35 as if fully set forth herein.

37. The averments in paragraph 37 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

38. The averments in paragraph 38 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

39. The averments in paragraph 39 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

40. BCD hereby incorporates by reference its answer to paragraphs 1 – 39 as if fully set forth herein.

41. The averments in paragraph 41 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

42. The averments in paragraph 42 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

43. The averments in paragraph 43 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

44. BCD hereby incorporates by reference its answer to paragraphs 1 – 43 as if fully set forth herein.

45. The averments in paragraph 45 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

46. The averments in paragraph 46 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

47. The averments in paragraph 47 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

48. BCD hereby incorporates by reference its answer to paragraphs 1 – 47 as if fully set forth herein.

The remaining averments are a WHEREAS clause to which no response is required. To the extent a response is deemed necessary, BCD denies the averments.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim as to some or all of her claims.

2. BCD at all times acted in good faith an in accordance with the law.

3. BCD promptly and effectively addressed Plaintiff's complaints about alleged discrimination.

4. BCD's actions would not have dissuaded a reasonable person from complaining about alleged discrimination.

5. Even if BCD's actions were based on Plaintiff's gender, which BCD denies, BCD would have taken the same actions regardless of Plaintiff's gender.

6. Plaintiff was not paid wages at less of a rate than that which BCD paid employees of the opposite sex for equal work on jobs that require equal skill, effort, and responsibility and are performed under similar working conditions.

7. To the extent that the wages Plaintiff was paid were at less of a rate than that which BCD paid employees of the opposite sex for equal work on jobs that require equal skill, effort, and responsibility and are performed under similar working conditions, which BCD denies, it was based on a bona fide merit system.

8. To the extent that the wages Plaintiff was paid were at less of a rate than that which BCD paid employees of the opposite sex for equal work on jobs that require equal skill, effort, and responsibility and are performed under similar working conditions, which BCD denies, it was based on a seniority system.

9. To the extent that the wages Plaintiff was paid were at less of a rate than that which BCD paid employees of the opposite sex for equal work on jobs that require equal skill, effort, and responsibility and are performed under similar working conditions, which BCD denies, it was based on a system in which earnings are based on the quantity or quality of what employees produce.

10. To the extent that the wages Plaintiff was paid were at less of a rate than that which BCD paid employees of the opposite sex for equal work on jobs that require equal skill, effort, and responsibility and are performed under similar

working conditions, which BCD denies, such difference in wage rates were based on a factor other than sex.

11. Plaintiff cannot state a claim for compensatory damages, punitive damages, or prejudgment interest on her Equal Pay Act claims.

12. Plaintiff failed to exhaust her administrative remedies as to her claim under the Pennsylvania Human Relations Act.

13. Plaintiff is not entitled to punitive damages under the Pennsylvania Human Relations Act.

14. Any damage award to which Plaintiff becomes entitled as a result of her Title VII claim is subject to the caps on damages under the Civil Rights Act of 1991.

15. BCD is entitled to offset any damages to which Plaintiff may be entitled under her Title VII, PHRA, and Equal Pay Act claims by any actual income Plaintiff received or to the extent that Plaintiff failed to mitigate her damages.

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: *<u>/s/ Allison R. Brown</u>*
Allison R. Brown
Pa. I.D. No. 309669

625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Ph: 412-201-7678
Fax: 412-774-2068
arbrown@littler.com

Attorneys for Defendant,
BCD Travel USA LLC

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of August, 2016 a true and correct copy of the foregoing Answer and Affirmative Defenses was served and filed using the Middle District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Sidney L. Gold, Esq.
Sidney L. Gold & Associates, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103

By: *__/s/ Allison R. Brown_____*

Firmwide:141893264.1 999999.1902